(April 26, 1922.)

## C. H. MULL, Respondent, v. UNITED STATES FIDELITY & GUARANTY COMPANY, a Corporation, Appellant.

[206 Pac. 1048.]

EMPLOYERS' LIABILITY INSURANCE—PRINCIPAL AND AGENT—INSURANCE CONTRACT—ADMISSIBILITY OF PAROL EVIDENCE TO VARY CONTRACT—ESTOPPEL.

1. Where an employers' liability insurance policy issued on November 30, 1917, contained the following clause: "This policy does not cover the liability of the assured under any workmen's compensation agreement, plan or law, unless otherwise indorsed," but the general agent of the insurance company represented to the insured that the policy would continue in force after January 1, 1918, the date when the workmen's compensation law of Idaho became effective, and that it would not be necessary for the insured to arrange for such insurance with the state insurance department, and the insured relied upon such representations, the insurance company was bound by the representations of its agent, and parol evidence is admissible for the purpose of raising an estoppel against the company's availing itself of the provisions of such clause, after loss under the policy had occurred.

2. An insurance company will not be permitted to defeat a recovery upon an insurance policy issued by it, by proving the existence of facts which would render it void, where it had full knowledge of such facts when the policy was issued.

3. Where an insurance company has knowledge of facts entitling it to treat a policy as no longer in force, and thereafter it demands and receives a premium on the policy, it is estopped from declaring a forfeiture.

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. O. R. Baum, Presiding Judge.

Publisher's Note.

1. Parol evidence rule as to varying or contradicting written contracts, as affected by the doctrine of waiver or estoppel as applied to policies of insurance, see note in 16 L. R. A., N. S., 1165.

2. Knowledge by insurer of existing facts as waiver of condition in policy, see notes in 2 Ann. Cas. 280; 18 Ann. Cas. 686.

Action to recover on contractors' employers' liability policy. Judgment for plaintiff. *Affirmed.*

E. M. Wolfe, J. F. Martin and L. A. Wade, for Appellant.

The loss for which plaintiff is attempting to recover does not come within the terms of his contract and was not such a loss as plaintiff was insured against. This accident occurred while the workmen's compensation law was in force. (C. S., sec. 6214.) Under this law, the question of negligence is immaterial. The damage which the plaintiff was compelled to pay was the result of an award had under a proceeding before the "State Industrial Accident Board." The proceedings before this board are not a "suit," nor is its award a judgment after a "trial," as provided in the contract. Thus, it is apparent that the plaintiff cannot maintain this action, conceding that this contract was in full force and effect.

Walters, Hodgin & Bailey and R. P. Parry, for Respondent.

Parol evidence is admissible to show knowledge, representations and acts of insurer that would operate to estop insurer from denying liability. (16 L. R. A., N. S., 1193, and cases cited; *Carroll v. Hartford Fire Ins. Co.,* 28 Ida. 466, 154 Pac. 985.)

Insurer may, by representations, knowledge of then existing facts or acts, either of self or agent, be estopped from relying on a strict construction of the written policy and denying liability. (14 R. C. L. 166, point 18, and cases cited; *Parsons, Rich & Co. v. Lane,* 97 Minn. 98, 7 Ann. Cas. 1144, 106 N. W. 485, 4 L. R. A., N. S., 231; *Fishbeck v. Phoenix Ins. Co.,* 54 Cal. 422; *Bellevue etc. Mill Co. v. London etc. Ins. Co.,* 4 Ida. 307, 39 Pac. 196; *Allen v. Phoenix Assur. Co.,* 12 Ida. 653, 10 Ann. Cas. 328, 88 Pac. 245, 8 L. R. A., N. S., 903, 14 Ida. 728, 95 Pac. 829.)

Insurer is, by accepting and retaining premium, after loss, estopped from denying liability for loss. (14 R. C. L.

367; *Scottish Union etc. Ins. Co. v. Wylie,* 110 Miss. 681, 70 So. 835; *Manning v. Connecticut Fire Ins. Co.,* 176 Mo. App. 678, 159 S. W. 750; *St. Paul Fire etc. Ins. Co. v. Cooper,* 25 Okl. 38, 105 Pac. 198; *American etc. Ins. Co. v. Robinson* (Tex. Civ.), 219 S. W. 277; *New Jersey Rubber Co. v. Commercial etc. Assur. Co.,* 64 N. J. L. 580, 46 Atl. 777; *McKune v. Continental Casualty Co.,* 28 Ida. 31, 154 Pac. 990.)

BUDGE, J.—This action was brought by respondent to recover upon a contractors' employers' liability policy.

From the record it appears that during the years 1917 and 1918 respondent was engaged as a contractor in the construction of several steel bridges in Twin Falls county, and in November, 1917, he made application, through one Taylor, a general agent for appellant, for a policy of insurance to protect him for the period of one year, or during such time as said bridges were being constructed, against loss or liability by reason of accidents occurring to his workmen employed upon such work. The evidence shows that Taylor solicited respondent's application, and that a conversation ensued with respect to which respondent testified as follows:

"Q. Did you have a conversation with Mr. Taylor at that. time as to the Employers' Workmen's Compensation Act which had been passed by the legislature in 1917? . . . . At the time that the application for insurance was taken from you by Mr. Taylor . . . . ?

"A. I did.

"Q. What was said by him?

"A. . . . . I believe I had reached the point where I had said that I had just been awarded a contract for some bridges. Mr. Taylor asked me for the liability policy and I told him that inasmuch as I did a great deal of my business with the state that I thought I would take out my policy with the State Insurance Department. Mr. Taylor called my attention to the fact that I had given him practically all of my business and it had been very satisfactory, and that

he would like to continue to receive my business, and that if I had the policy issued by his company I would not be put to the trouble of taking out another policy at the beginning of the year. I took those things into consideration, and the fact that there was but a few days remaining in the year, and that I would not commence this work until after 1918, and gave Mr. Taylor this application.

"Q. What was said by Mr. Taylor about the policy protecting you in 1918? ·

"A. He assured me that it would,—that it would not be necessary to take out any insurance with the State Insurance Department."

This testimony, which was nowhere contradicted, was corroborated by W. H. Patton, who testified that: " . . . . as I remember it the conversation was that Mr. Taylor was wanting to write Mr. Mull's insurance on this business, and Mr. Mull asked him about this state compensation law, and he told him that their company would take care of that, and that their policy was good. Mr. Mull stated that he was going to California and would not be here the first of the year, and that if his policy was such that it would cover him that he would write it that day, which he did. Then he made application for the policy."

The policy, which was delivered at respondent's office during his absence, purports to be for a term of one year beginning November 30, 1917, and contains a clause on the margin which was evidently stamped thereon after the printing of the policy, providing that: "This policy does not cover the liability of the assured under any workmen's compensation agreement, plan or law, unless otherwise indorsed."

On March 30, 1918, Alex Lawson, one of respondent's workmen, was injured in an accident on one of the bridges. Respondent immediately notified appellant of the injury, and the latter in a letter dated April 4, 1918, informed respondent that his policy "is hereby canceled . . . . said cancelation to become effective at 12 o'clock midnight December 31, 1917," due to the fact that the workmen's com-

pensation law of Idaho became effective at that time. On June 10, 1918, however, appellant billed respondent for the premium due on the policy for the full term thereof, which respondent paid on June 17, 1918.

Thereafter Lawson instituted proceedings before the Industrial Accident Board, of which appellant was notified but declined to appear and defend on behalf of respondent. On November 22, 1918, Lawson was awarded $2640.25, by the board, of which $876.25 had theretofore been paid under the order of the board, leaving a balance of $1,764 due and unpaid, pursuant to which judgment was rendered against respondent in the district court for Twin Falls county for $1,764 on December 24, 1918, which was paid by him on the same day, and released. Notice of the proceeding in the district court was also given to appellant, but it declined to enter its appearance.

This action was brought by respondent to recover $2,640 paid to Lawson, and $350 in damages for attorney fees and costs expended, or a total of $2,990.25, together with interest and costs. The cause was tried to the court without a jury. From a judgment in favor of respondent for $3,167.47 and costs, this appeal is taken.

Appellant makes nine assignments of error, but we deem it necessary to discuss only assignments 1 and 2, which predicate error upon the action of the court in admitting in evidence the testimony of respondent and Patton as set out above, for the reason that the policy could not be varied by parol, that it insured against accidents resulting from negligence by respondent only, while under the compensation law the question of negligence is immaterial, and that the policy automatically expired when the workmen's compensation law became effective. These latter two contentions, however, rest upon the first, and appellant's liability upon the policy, under the facts of this case, depends upon whether or not parol evidence is admissible to raise an estoppel against an insurance company to rely upon a provision that the policy does not cover the liability of the assured under the workmen's compensation law.

There is a great contrariety of judicial opinion upon this question (16 L. R. A., N. S., 1213 et seq., note IV), and no less an authority than the supreme court of the United States has upheld a contention similar to that made by appellant, in the leading case of *Northern Assur. Co. v. Grand View Building Assn.,* 183 U. S. 308, 22 Sup. Ct. 133, 46 L. ed. 213. This decision has been vigorously assailed, and we think the better reasoning and the trend of recent decisions supports the view that parol evidence is admissible to create an estoppel in a case such as this.

In *People's F. Ins. Assn. v. Goyne,* 79 Ark. 315, 9 Ann. Cas. 373, 96 S. W. 365, 16 L. R. A., N. S., 1180, it is said: "Can such an estoppel or waiver be proved by parol? The courts excluding the estoppels and waivers do so upon the rule against varying and contradicting a written contract by parol, as well as upon sustaining the contractual right to exclude such estoppels and waivers. No court has been found which holds the estoppel or waiver available which excludes parol evidence to prove it. Some rest the admission upon the theory of fraud or mistake, to prove which parol evidence is always admissible; others rest it upon the theory that an estoppel against the contract or waiver of its terms is not varying or contradicting the written instrument. In the one instance the writing cannot be asserted, and in the other it is no longer in force because abrogated by the waiver. The court is convinced that the reasoning in *Northern Assur. Co. v. Grand View Bldg. Assn.* is not sound . . . . and is reinforced in that opinion by the decisions of many other courts on the same subject since the decision of *Northern Assur. Co. v. Grand View Bldg. Assn.*"

In *Virginia F. & M. Ins. Co. v. Richmond Mica Co.,* 102 Va. 429, 102 Am. St. 846, 46 S. E. 463, the court observed that: "Since that decision [*Northern Assur. Co. v. Grand View Bldg. Assn.*] was rendered, Mr. Justice Shiras has retired from the bench, and been succeeded by Mr. Justice Day, who presided in the circuit court of appeals in the case of *Queen Ins. Co. v. Union Bank & T. Co.,* 111 Fed. 699, 49 C. C. A. 555, where a different conclusion was

reached. So there are now on that bench at least four justices who entertain views opposed to those of the majority, as expressed in the case referred to. In this state of the law, this court can hardly be expected to abandon its own well-considered precedents to follow the questionable ruling of another tribunal."

See, also, 16 L. R. A., N. S., 1165 et seq., note.

In *Robbins v. Springfield Fire & M. Ins. Co.*, 149 N. Y. 477, 44 N. E. 159, the court said: "The rule that an insurance company will not be permitted to defeat a recovery upon a policy issued by it, by proving the existence of facts which would render it void, where it had full knowledge of them when the policy was issued, is too well established by the authorities in this state to require further discussion. . . . . Whether the decisions in this class of cases proceed upon the charitable theory that the insurance company by mistake omitted to make the required indorsement, or intended to waive the provisions regarding it, or upon the idea that its purpose was to defraud the insured, and is for that reason estopped, is of but little consequence, as any one of these theories is sufficient to avoid the defense relied upon in this case."

As was said in *Rivara v. Queen's Ins. Co.*, 62 Miss., at page 728: "An insurance agent, clothed with authority to make contracts of insurance or to issue policies, stands in the stead of the company to the assured. His acts and declarations in reference to such business are the acts and declarations of the company. The company is bound, not only by notice to such agent, but by anything said or done by him in relation to the contract or risk, either before or after the contract is made."

To the same effect is *Insurance Co. v. Sheffy,* 71 Miss. 919, 16 So. 307; *Insurance Co. v. Gibson,* 72 Miss. 58, 17 So. 13; *Insurance Co. v. Dobbins,* 81 Miss. 623, 33 So. 504; *Fishbeck v. Phenix Ins. Co.,* 54 Cal. 422.

In *Carroll v. Hartford Fire Ins. Co.*, 28 Ida. 466, 154 Pac. 985, this court held that: "Where a fire insurance policy contains a clause that it shall be void if the interest of the

insured be not truly stated therein, or 'if the interest of the insured be other than unconditional and sole ownership,' and the insured truly stated his interest as that of chattel mortgagee to the agent when applying for the insurance, but the policy as written by the agent disclosed no interest in the insured other than sole ownership, and the company thereafter accepted the policy and the payment of premiums thereon, the knowledge of the agent was the knowledge of the company, and in case of loss and suit to recover on the policy, the insurance company will not be permitted to set up the defense that the policy was made void by the violation of said conditions.''

Having reached the conclusion that parol evidence is admissible to show a waiver by an insurance company of a provision in a policy, or to prevent the company from relying upon such provision and thereby avoiding its liability upon the policy, the question arises whether the facts shown in this case are sufficient to constitute an estoppel.

It is a settled rule of law that where an insurer has knowledge of facts entitling it to treat a policy as no longer in force, and thereafter it receives a premium on the policy, it is estopped from declaring a forfeiture. It cannot treat the policy as void for the purpose of defense to an action to recover for a loss thereafter occurring, and at the same time treat it as valid for the purpose of earning and collecting further premiums. (14 R. C. L., Insurance, sec. 367, p. 1190.)

A necessary inference from respondent's testimony is that he intended to apply to the state insurance department for the required insurance to protect him under the workmen's compensation law, but that acting upon the representation of the general agent of the company to the effect that its policy would protect him under the provisions of the workmen's compensation law he made application for a policy from appellant, and therefore made no effort to secure a policy from the state insurance department. It is clear that the representations of the general agent led respondent to believe that he would be protected after the taking effect of the workmen's compensation law, and that now, after the happen-

ing of an accident, it would be inequitable and unconscionable to assert a legal right in opposition to such representations. (*Leaf v. Reynolds*, 34 Ida. 643, 203 Pac. 458.)

Moreover, it appears that during January and February, 1918, appellant conducted negotiations with the Industrial Accident Board for permission to write surety bonds covering liability under the workmen's compensation law, but that such permission was not obtained. Its effort to comply with the law in this regard creates a presumption that it fully intended to protect respondent as well after the workmen's compensation law became effective as before.

Appellant having demanded, received and receipted for the premium covering respondent's policy for its full term, and its agent having represented at the time of the application for the policy that it would not be necessary to take out any insurance with the state insurance department, it will not be heard to urge the clause in the policy to the contrary.

The judgment of the trial court should be affirmed, and it is so ordered. Costs awarded to respondent.

RICE, C. J., Concurring.—I concur in the conclusion reached in the foregoing opinion upon the last ground stated therein.

By the policy of insurance upon which respondent relies, appellant agreed "to indemnify the person, firm or corporation named in the statement numbered 1 of the said schedule and herein called the assured, against loss from the liability imposed by law upon the assured for damages on account of bodily injuries or death suffered through the assured's negligence, and as a result of an accident occurring while the policy is in force." By this provision there must be a concurrence of negligence on the part of the employer, and an accident, resulting in injury or death, in order to fix a liability under the policy. The injury set out in the complaint resulted from an accident but there is no showing that there was any concurring negligence on the part of

35 Idaho—26

respondent. Appellant, therefore, contends that it is not liable under the terms of the policy.

The Workmen's Compensation Act provides that an employer shall be liable for personal injury by accident (C. S., sec. 6217) without concurring negligence (C. S., sec. 6214). The policy was not broad enough to cover employer's liability under this law.

Apparently, in order that there might not be any misunderstanding, appellant caused to be stamped upon the policy the following indorsement: "This policy does not cover the liability of the assured under any workmen's compensation agreement, plan or law, unless otherwise endorsed." Upon being notified of an injury to an employee arising under the workmen's compensation law, appellant promptly disclaimed liability, stating that the policy had been canceled December 31, 1917, the day before the workmen's compensation law took effect. Appellant, however, did not see fit to stand on this ground. Subsequently, with knowledge that respondent was claiming a liability on its part arising under the workmen's compensation law, that is, liability for injuries resulting from an accident without negligence, it demanded of respondent and received from him and retained the full estimated amount of the premium for the entire period called for by the policy. By so doing, it must be held to have waived the provision of the contract requiring that injuries must be caused by the negligence of respondent, and to have elected to treat the policy as valid under the workmen's compensation law and to have recognized its liability in cases of injury occurring as a result of an accident only.

McCarthy, Dunn and Lee, JJ., concur in the concurring opinion.