MEHREL A. BENDER *v.* METROPOLITAN LIFE INSURANCE COMPANY

(No. 8320)

Submitted May 6, 1936. Decided May 26, 1936.

512

*W. T. O'Farrell, R. G. Kelly,* and *Brown, Jackson & Knight,* for plaintiff in error.

*J. F. Bouchelle* and *Ben Moore,* for defendant in error.

MAXWELL, JUDGE:

The plaintiff, Mehrel A. Bender, beneficiary in a policy of insurance on the life of his wife, Anna W. Bender, now deceased, issued by the defendant, Metropolitan Life Insurance Company, obtained a judgment, on verdict, against the defendant for $1,042.50 in the circuit court of Kanawha County. Writ of error was awarded the defendant.

The policy, in the amount of $1,000.00, was dated and issued October 1, 1933, following written application by the insured and medical examination as required by the insurer. The insured died September 25, 1934.

The proceeding is a statutory notice of motion for judgment, in which notice there is set forth in *haec verba* the policy sued upon and the application by the insured and her medical examination, the latter including, of course, her answers to questions propounded to her. In addition to the general issue plea, the defendant filed specifications of defense wherein the deceased is charged with having made false answers to material questions asked her by the defendant's medical examiner.

For decision of the case, it is necessary that we make reference only to some of the items thus relied on by the defendant in defense of the action. The vital ones are these:

Question 11. "Have you had any surgical operation, serious illness or accident?" Answer. "April 1928 Gall Bladder removed. April 1932 Suspension of uterus."

Question 18. "Have you been attended by a physician during the last five years? If yes give name of complaints, dates, how long sick and name of physician." Answer. "Gall bladder removed, 1928, sick 3 weeks, Drs. R. K. Buford & L. H. Robinson. Suspension of uterus, 1932, Drs. U. G. McClure & L. H. Robinson, Charleston, W. Va." Question 19. "Have you had any treatment within the last five years at any dispensary, hospital or sanitorium?" Answer. "Yes for above conditions in Charleston General and McMillan Hospitals, Charleston, W. Va."

It clearly appears from evidence introduced on behalf of the defendant, and, in fact, is not denied by the plaintiff, that in addition to the hospitalizations noted in answers to questions 11, 18 and 19, she was operated on under general anesthetic in October, 1930, for a threatened abortion which eventually terminated in a miscarriage.

The defendant relies not only on the failure of the insured to make disclosure with reference to the hospitalization in October, 1930, but also on the alleged misleading nature of her answers with reference to the medical and surgical treatment she received in 1928 and 1932; that in 1928, in addition to the operation for removal of her gall bladder, she was suffering from stomach and intestinal trouble and received hospital examinations therefor; and that in 1932, when, according to her answer, she underwent a suspension of the uterus, she was, in fact, in addition thereto, treated for an inflammatory condition which the physicians diagnosed as being incident to an attempted abortion.

In response to the defendant's position with respect to these items, the plaintiff says that the insured by her answers gave the names of all the physicians by whom she had been treated and the hospitals wherein she received treatment; that she concealed nothing of consequence and that none of the matters involved in these items afterwards caused or contributed to her death; that "under these circumstances, it would be a harsh rule that would void the policy for these slight and harm-

less omissions." Authority is cited for the proposition that slight indisposition undisclosed by an insured in his application, for which illness he was treated, but which did not affect his general health, and did not increase the risk of insurance, does not render the policy void. 14 Ruling Case Law, 1074. But we must appraise the matter in the light of pertinent holdings of this jurisdiction.

It is not contended by the defendant that there is any provision in the policy by which the said answers of the insured in her application would become warranties, but the position is taken by the defendant that the answers constituted material representations.

We have repeatedly held that the fact that a specific answer is sought by the insurer in an application for an insurance policy, makes the answer material. *Leadman* v. *Insurance Company*, 112 W. Va. 53, 163 S. E. 716, and cases there cited. Further, the principle has been settled by numerous decisions in this jurisdiction that where there were material false representations in the application or medical examination, and the said misrepresentations formed a part of the basis on which the policy was issued, the insurer will be relieved of liability under the policy. *Woody* v. *Insurance Company*, 105 W. Va. 215, 141 S. E. 880; *Harris* v. *Insurance Company*, 86 W. Va. 638, 104 S. E. 121; *Myers* v. *Mutual Life Insurance Company*, 83 W. Va. 390, 98 S. E. 424; *Leadman* v. *Insurance Company*, *supra*.

The hospitalization of the insured in October, 1930, not revealed by her in her medical examination was of cogent materiality, not only as a matter of law (cases *supra*), but also as a matter of fact. There was then disclosed an inflammatory condition which the physicians were of opinion had been caused by attempted abortion. Two years later, she developed a similar condition which necessitated a major operation, to-wit, the removal of the contents of the uterus through the abdominal wall. This, she referred to in her application, as "suspension of uterus." It is manifest that full and fair disclosures of these

matters on the part of the applicant when seeking insurance would have indicated to the insurance company that she was a less desirable risk than her accepted application revealed. Of course, life insurance companies are entitled to be fully and correctly informed about such matters. Life insurance is a beneficent institution which operates to the service and welfare of millions of people. A fundamental principle in the concept of life insurance is that there shall be care exercised in accepting risks. If there were adopted a program of acceptance of hazardous and unsatisfactory risks, the whole plan of life insurance would be jeopardized thereby. True, we are dealing here with an isolated case involving a comparatively small policy, but the principle here presented permeates the entire establishment of life insurance.

In the light of all of which, we hold that in the application of the insured for the policy of insurance which she later obtained, and on which this action is based, there were material misrepresentations: (a) In that she failed to disclose her hospitalization in October, 1930, and the nature thereof; (b) that she failed to disclose fully and fairly the nature of her hospitalization in April, 1932; and that by reason of these matters, the policy is voided and there is no right of action in the plaintiff, beneficiary under the policy.

Therefore, we reverse the judgment, set aside the verdict and remand the action.

*Reversed and remanded.*