HARRY LEE DICKERSON *v.* PACIFIC MUTUAL LIFE INSURANCE COMPANY OF CALIFORNIA

(No. 8437)

Submitted October 27, 1936. Decided November 10, 1936.

*Hogg & Crawford,* for plaintiff in error.

*Goodykoontz & Slaven,* for defendant in error.

HATCHER, PRESIDENT:

The plaintiff, suffering from a chronic heart ailment, brought this proceeding to recover disability benefits on an insurance policy. The defendant, contending that the policy was void *ab initio* tendered back the premiums paid. The circuit court held that recovery was barred because of falsity in certain health answers to printed questions in plaintiff's signed application for the policy.

The application inquired whether plaintiff had been treated for certain diseases, including influenza. His answer admitted treatment only for pneumonia (twelve years before), when, in fact, he had recently suffered an attack of influenza. The application further inquired: "What injuries or illnesses, or treatments by or consultations with physicians or practitioners, have you had during last seven years? Give particulars and illness, injury, consultation or treatment." The answer recorded only one illness, appendicitis, and only one physician, when, in fact, within a few months before making his application, the plaintiff had consulted three physicians, to whom he complained of feeling badly, nervousness, pain in left shoulder, and pain in region of the heart. The plaintiff informed the examining physician of those consultations. The three consultant physicians had found nothing materially wrong with plaintiff, and their findings were also imparted to the examiner. He examined plaintiff twice and found nothing wrong with him. In consideration of all of which, the examiner concluded that plaintiff's consultations with the several physicians were of no import and need not be mentioned on the ap-

plication. The examiner so advised the plaintiff and with the latter's knowledge, omitted reference to the consultations.

The application was made a component part of the insurance contract and contained the following question to which plaintiff affirmatively assented: "Do you agree that the falsity of any answer in this application for insurance or any answer made to the Company's Medical Examiner in continuance of this application for insurance shall bar the right to recover thereunder if such answer is made with intent to deceive or materially affects either the acceptance of the risk or the hazard assumed by the Company; and do you further agree that the Company shall not be charged with knowledge on the part of any agent, medical examiner or other representative of information called for by any question contained in this application, unless made a part hereof or endorsed hereon?"

This covenant is practically the same as that in *Shamblen* v. *Woodmen,* 105 W. Va. 252, 142 S. E. 447, wherein we enforced the covenant, holding that the insurer was not estopped to contest the policy because of information furnished its agent by the applicant but not contained in the application. To avoid that construction, the plaintiff herein proposes that "Where an honest insured makes full disclosure to insurer's medical examiner, who dictates and inserts improper answers in his report to the insurer, such limitation on the agent's authority should not be enforced to the extent of charging the insured with such mistakes of the insurer's own medical examiner."

Honesty of the insured, alone, would hardly mend a broken covenant. However, there must be a line in the list of an applicant's ailments beyond which they are trivial and are not expected to be reported by the insurer. The vital question in such case would be, does the applicant accept at his peril the examiner's opinion of where the line should be drawn? Since that question is not briefed specifically by defendant and since its de-

termination is not necessary to a decision of this case, the question is not decided.

The rule is established in this jurisdiction that where an insurer requests information relative to a specific disease of an applicant for insurance, and the response is untrue, the policy will ordinarily be forfeited. *Harris* v. *Ins. Co.*, 86 W. Va. 638, 104 S. E. 121; *Woody* v. *Ins. Co.*, 105 W. Va. 215, 141 S. E. 880; *Stockton* v. *Ins. Co.*, 105 W. Va. 240, 141 S. E. 878; *Shamblen* v. *Woodmen, supra; Saltesz* v. *Woodmen,* 110 W. Va. 513, 159 S. E. 513; *Leadman* v. *Ins. Co.*, 112 W. Va. 53, 163 S. E. 716; *Bender* v. *Metropolitan Life Ins. Co.*, 117 W. Va. 511, 185 S. E. 907. The plaintiff does not claim to have mentioned the attack of influenza to the examiner. Plaintiff's brief makes no attempt to palliate that omission. Consequently, the judgment is affirmed.

*Affirmed.*