# CHARLESTON.

Steve Toro *et al.* v. Joe Shilling *et al.*

(No. 6534)

Submitted February 11, 1930.   Decided February 18, 1930.

*F. C. Cook* and *Froe, Capehart & Miller,* for appellants.
*Stewart A. Calhoun,* for appellees.

HATCHER, JUDGE:

In November of 1927, Joe Shilling and wife, Barbara, sold to Steve Toro and wife, Anna, according to the bill of sale, "All that certain restaurant business located in the Banks' building in the city of Keystone, West Virginia, and consisting of all furniture, groceries, tables, beds, dishes, etc., of all the goods and chattels of every kind and description therein found in the said business and building." The business included furnished rooms above the restaurant. The consideration for the transfer was an automobile valued at $500.00 and the conveyance of a lot in the State of Michigan valued at $1,500.00. The deed to the lot was delivered but the automobile remained in the possession of the Toros. A few days after the sale they learned that $140.00 was due upon a piano in the restaurant which amount they paid. About four months later they learned that most of the restaurant furniture was the property of Banks, the owner of the building. Plaintiffs brought this suit to have the contract rescinded and a reconveyance of the Michigan lot. The circuit court found in their favor.

Defendants make the following contentions: (a) Shilling testified that the property belonging to Banks' in the restaurant was not worth over $500.00. As the automobile which remained in possession of the Toros was valued at $500.00, the Shillings contend that the Toros lost nothing, as the one $500.00 balances the other. Banks testified that the value of his furniture and fixtures was $2,000.00, the former being worth only $500.00. His evidence shows, however, that he considered wall cases, counters, show cases, bar, etc., in fact "most of the stuff" which he owned, to be fixtures. Defend-

ants argue that as fixtures are not named in the bill of sale, fixtures should not be included in arriving at the value of Banks' claim. While the word "fixtures" is not used, the Shillings purported to sell the "chattels of every kind and description therein found in the said business and building." This phrase is broad enough to include fixtures. Moreover the Toros testified that the items Banks classified as fixtures were pointed out by the Shillings before the sale as part of the property belonging to them. This is denied by the Shillings. The finding of the lower court prefers the statement of the Toros to that of the Shillings, and we cannot say that the finding is plainly wrong. The parties are therefore not in *statu quo*.

(b) The plaintiffs have an adequate remedy at law. This point is not well taken as plaintiff's seek a cancellation of the deed and a reconveyance of the lot, which can only be effected in equity. *Bruner* v. *Miller*, 59 W. Va. 36.

(c) The court was without jurisdiction to decree the cancellation of the deed to the Michigan lot. There is a division of authorities on this subject, but the West Virginia decisions uphold the jurisdiction of the court. *Woodcock* v. *Barrick*, 79 W. Va. 449; *State* v. *Fredlock*, 52 W. Va. 232.

(d) The plaintiffs continued to operate the business after discovery of the alleged fraud and are therefore estopped by their conduct to repudiate the contract. A necessary element of equitable estoppel in such case is that the one who asserts it must have been prejudiced in some manner by the conduct of him against whom the estoppel is asserted. There is no proof that the Shillings were prejudiced by plaintiffs' conduct. Consequently no estoppel arises. *Spangler* v. *Johnson*, 98 W. Va. 584; 21 C. J. 1204-5, sec. 206; 2 Herman on Estoppel, sec. 781, 783.

(e) The plaintiffs should be required to pay for the use of the furniture, if the contract be rescinded. Plaintiffs tendered into court $160.00, as rental at the rate of $10.00 a month for the period in which they had used the property. Defendants refused the tender at the time, but took no evidence as to its fairness. Consequently, we assume the amount tendered is adequate. As the defendants now desire that

amount and the plaintiffs concede it to them, the item of rent is fixed by act of the parties themselves, and needs no legal adjustment. The failure of the lower court to provide for the payment of the tender was evidently due to the refusal of appellants to accept it. The decree of the lower court will be modified so as to allow $160.00 rental to the defendants, and as modified will be affirmed with costs to appellees.

*Modified and affirmed.*