HENDREN HELMICK, *Admr., etc., et al.*

*v.*

RICHARD E. BROLL, *et al.*

(No. 12412)

Submitted October 19, 1965.    Decided November 16, 1965.

*Browning, Judge,* not participating.

*Lewis S. Moomau, Ralph W. Haines,* for appellants.

*Bean & Hamilton, John M. Hamilton, James E. Ansel,* for appellees.

CALHOUN, JUDGE:

This case, on appeal from a final judgment of the Circuit Court of Hardy County, involves conflicting claims of ownership of mineral rights in a tract of 110 acres of land lying near Needmore in Lost River District of that county. The appellants, Darl Teets, Irvin Teets and Ethel Teets, own the surface of the 110 acres and claim the mineral rights as successors in title of George W. Hawse. Raymond L. Orndorff and Nina Orndorff, appellees, claim ownership of the mineral rights in question as purchasers thereof at a judicial sale held in 1963 in an action instituted in the

Circuit Court of Hardy County to partition or to sell, for the benefit of the heirs of John H. Broll, deceased, mineral rights which were alleged to have been owned by him in his lifetime in numerous tracts of land, including the 110-acre tract involved in this case.

It is not disputed that John H. Broll, deceased, owned the mineral rights in the 110-acre tract during his lifetime. The basic question is whether he became divested of that ownership in connection with a judgment creditors suit instituted by him in 1896 to sell the 110-acre tract.

In 1886, John H. Broll and his wife conveyed the 110-acre tract of land to Jehu N. Walker. In 1889, Jehu N. Walker and his wife reconveyed to John H. Broll the mineral rights in the same tract of land. In 1896, John H. Broll, having obtained several money judgments against Jehu N. Walker, instituted a chancery suit in the Circuit Court of Hardy County against Jehu N. Walker and others to sell the 110-acre tract to satisfy the judgment liens in the plaintiff's favor. It is important to note at this point that John H. Broll was the owner of the mineral rights in the 110-acre tract at the time he, as plaintiff, instituted the judgment creditors suit. In the bill of complaint the tract was described as the same land which was conveyed by Broll and his wife to Walker in 1886, as stated previously in this opinion. The tract was sold to George W. Hawse in the chancery suit and conveyed to him in 1897 by a special commissioner, pursuant to decrees of the court. Neither the bill of complaint nor the special commissioner's deed makes any reference whatsoever to mineral rights outstanding in John H. Broll. Both described the land merely as a tract of 110 acres. The deed describes the tract by metes and bounds. The judgments in favor of Broll were paid from the proceeds of the sale. Darl Teets, Irvin Teets and Ethel Teets, the three appellants, assert that the effect of the proceedings in the chancery suit was to divest John H. Broll, the plaintiff, of ownership of the mineral rights in the tract in question and to vest such ownership in George W. Hawse, the purchaser at the judicial sale.

In less than one month after he received his deed from the special commissioner, George W. Hawse and his wife conveyed the tract of 110 acres to Nathaniel A. Combs. The deed of conveyance describes the tract by metes and bounds and identifies it as the same land conveyed to Hawse by the special commissioner. The deed, near the end thereof, contains the following language, the italicized portion of which forms the basis of a part of the controversy in this case: *"Except the Mineral as provided by deed Jehu N. Walker to John H. Broll* and being the same conveyed to Grantors by M. W. Gamble, Spec. Comr. by deed * * *." (Italics supplied.) In behalf of the appellants, it is contended that the italicized language quoted above embodies an effort by the grantors in the deed to convey the mineral rights to John H. Broll, and that such attempted conveyance cannot be given effect. On the other hand, it is contended in behalf of the two appellees, Raymond L. Orndorff and Nina Orndorff, that the italicized language constituted an exception from the conveyance of the outstanding ownership of the mineral rights in John H. Broll, and a recognition by George W. Hawse, the grantor in the deed, that he did not become the owner of such mineral rights by his purchase of the 110 acres at the judicial sale and by the deed made to him by the special commissioner pursuant to the judicial sale.

In 1907, Nathaniel A. Combs and his wife conveyed 6½ acres from the 110-acre tract to A. D. Walker. By reason of various mesne conveyances, the tract of 6½ acres is now owned by Darl Teets, Irvin Teets and Ethel Teets, the appellants. The remaining portion of the 110-acre tract, embracing 103½ acres, was sold in 1927 in a judgment creditors suit pending in the Circuit Court of Hardy County against Nathaniel A. Combs. The decree of sale contains the following language: "And it further appearing that the defendant, Nathaniel A. Combs is the owner in fee simple of a tract of 103½ acres of land * * *." It does not appear from the record that John H. Broll, to whom the mineral rights in the 110-acre tract were conveyed in 1889, was a party to the chancery suit; but it is

urged in behalf of the appellants that the language quoted above from the decree of sale constitutes an adjudication that Nathaniel A. Combs had become the owner of mineral rights in the 110-acre tract and that he was the owner of the mineral rights in the portion thereof (103½ acres) which was sold and conveyed in that suit to James E. Teets, the predecessor in title of the three appellants, Darl Teets, Irvin Teets and Ethel Teets.

In 1962, an action was instituted in the Circuit Court of Hardy County, as stated previously in this opinion, to partition or sell mineral rights owned by the parties to the action, as heirs of John H. Broll, in various tracts of land, including an alleged ownership of mineral rights in the 110-acre tract. Darl Teets, Irvin Teets and Ethel Teets, appellants, who claim ownership of the mineral rights in the 110-acre tract, were not made parties to the partition action. The mineral rights in the 110-acre tract were sold at public auction and purchased by Raymond L. Orndorff and Nina Orndorff, the appellees. After the purchase price of $5,610 was paid by them to the special commissioners appointed by the court to make the sale; and, after they received a deed for the mineral rights, they filed a petition in the case by which they prayed that Darl Teets, Irvin Teets and Ethel Teets be made parties and that the conflicting claims of ownership of mineral rights in the 110-acre tract be considered and judicially determined. Darl Teets, Irvin Teets and Ethel Teets were made parties and filed an answer to the petition, by which they set forth the basis of their claim to the mineral rights. The matter was submitted to the trial court for decision on the pleadings and on a written stipulation of facts. The circuit court determined and adjudged that Raymond L. Orndorff and Nina Orndorff, as purchasers in the partition action involving the mineral rights owned by the heirs of John H. Broll, deceased, are the lawful owners of the mineral rights in the 110-acre tract of land. From that final judgment, Darl Teets, Irvin Teets and Ethel Teets prosecute this appeal.

Both Raymond L. Orndorff and Nina L. Orndorff, on the one hand, and Darl Teets, Irvin Teets and Ethel Teets, on the other hand, have executed oil and gas leases covering the 110-acre tract. United Fuel Gas Company, the lessee, thereafter paid delay rentals to both groups of claimants of ownership, pursuant to leases executed by them.

It is undisputed that John H. Broll was the owner of the mineral rights in question at the time he instituted the judgment creditors suit in 1896 against Jehu N. Walker, the owner of the surface. The appellants apparently base their claim of ownership of the mineral rights solely on the proposition that, on the basis of estoppel as applied to the proceedings in that suit, John H. Broll, the plaintiff, became divested of his ownership of the mineral rights and that George W. Hawse became vested with such rights by virtue of his purchase of the 110 acres at the judicial sale. In considering that proposition, we note at the outset that the judgment liens in favor of Broll attached to and covered only such right and title as Jehu N. Walker had in the 110 acres; and that, in the bill of complaint, Broll did not expressly consent to or ask for sale in that suit of the mineral rights owned by him. The decree of sale did not expressly direct a sale of the mineral rights and the deed of conveyance made to Hawse by the special commissioner did not expressly include the mineral rights which theretofore admittedly had been owned by Broll. It would not be reasonable for George W. Hawse, the purchaser, or anybody else, to have assumed that John H. Broll was knowingly and purposely asking for or consenting to a sale under a court decree of property rights he owned in order to obtain payment of money judgments in his favor. There is no showing of any affirmative act on the part of John H. Broll, the court or the special commissioner by which George W. Hawse, as purchaser at the judicial sale, could have been misled to his detriment. Reliance by these appellants is not placed on any affirmative act, but rather upon a failure of John H. Broll to state negatively, in his bill of complaint or otherwise, that his mineral rights were not being sold.

George W. Hawse, as purchaser at the judicial sale, was charged with constructive notice of the duly recorded deed of Walker to Broll by which the ownership of the mineral rights was conveyed. He, as the purchaser, was obligated to recognize that, in the normal course, the court could direct a sale and conveyance of only such property as the judgment debtor owned and that, by his purchase, Hawse could obtain no other or greater property rights than such as were owned by the judgment debtor. "At a judicial sale, a purchaser obtains the whole title and interest in the property sold, which was vested in the owner at the time of sale and no more." *Egnor* v. *Roberts,* 118 W. Va. 671, pt. 2 syl., 191 S. E. 532. "A purchaser at a judicial sale is conclusively held as having notice of all facts touching the rights of others in the property sold, disclosed by the record of the case." *Williamson et al.* v. *Jones et al.,* 43 W. Va. 562, pt. 9 syl., 27 S. E. 411. See also *Early* v. *Berry,* 115 W. Va. 105, 112, 175 S. E. 331, 334; *State* v. *Young et al.,* 94 W. Va. 7, pt. 6 syl., 117 S. E. 688; *New Eagle Gas Coal Co.* v. *Burgess,* 90 W. Va. 541, pt. 2 syl., 111 S. E. 508; *Board of Education of Flatwoods District* v. *Berry,* 62 W. Va. 433, pt. 2 syl., 59 S. E. 169; *Calvert* v. *Ash,* 47 W. Va. 480, pts. 1 and 2 syl., 35 S. E. 887; *First National Bank of Braddock, Pa.* v. *Hyer et al.,* 46 W. Va. 13, pts. 3 and 4 syl., 32 S. E. 1000. "The deed for lands made by a commissioner properly appointed by a court to execute the same, passes the whole title and interest in the lands sold and conveyed that was vested in the owner at the time of the sale. The same right, title, and interest passes by the commissioner's deed as would pass by a deed executed by the owner." *Freudenberger Oil Co.* v. *Gardner et al.,* 79 W. Va. 46, pt. 2 syl., 90 S. E. 815.

If principles of estoppel are to be applied in this case, so as to inure to the benefit of the appellants, it must appear that George W. Hawse, himself, was misled to his detriment when he purchased the 110 acres at the judicial sale. The appellants are merely his successors in title. If he was not misled to his detriment, it is not material that successors in title of George W. Hawse may have been under some sort of misapprehension.

There is no reasonable basis for holding that George W. Hawse was under any misapprehension or that he was misled to his detriment when he purchased at the judicial sale. On the contrary, it clearly appears from the record that he was not misled. There is nothing in the record to indicate that he believed he had purchased the mineral rights in the 110 acres. There is nothing to indicate that he ever asserted a claim to such mineral rights against John H. Broll or otherwise. We believe a circumstance of forceful significance is the fact that George W. Hawse, in less than a month after he purchased the 110-acre tract at the judicial sale, conveyed the same land to Nathaniel A. Combs and included in the deed of conveyance the language: "Except the Mineral as provided by deed Jehu N. Walker to John H. Broll * * *." We regard that language as a clear recognition and as a formal acknowledgment on the part of George W. Hawse that John H. Broll was the owner of the mineral rights. It is not contended in behalf of the appellees that the language quoted from the deed was, or was intended to be, a conveyance of the mineral rights to Broll. Even if it be assumed that George W. Hawse had some basis for asserting a claim to the mineral rights, his deed of conveyance discloses a clear intent to convey to Nathaniel A. Combs the 110-acre tract without the mineral rights therein. *Freudenberger Oil Co. et al. v. Simmons et al.*, 75 W. Va. 337, 83 S. E. 995. The appellants, as successors in title of Nathaniel A. Combs, can have no greater rights in the tract than were conveyed to him.

Principles forming the basis of equitable estoppel or estoppel in pais were recently summarized by the Court as follows: "The general rule governing the doctrine of equitable estoppel is that in order to constitute equitable estoppel or estoppel in pais there must exist a false representation or a concealment of material facts; it must have been made with knowledge, actual or constructive of the facts; the party to whom it was made must have been without knowledge or the means of knowledge of the real facts; it must have been made with the intention that it should be acted on; *and the party to whom it was made must have relied on or acted on it to his prejudice.*" (Italics

supplied.) *Stuart et al. v. Lake Washington Realty Corp., et al.,* 141 W. Va. 627, pt. 6 syl., 92 S. E. 2d 891. "It is essential to estoppel that the one claiming the benefit thereof must have relied to his disadvantage on the acts, conduct or representations of the one alleged to be estopped." *Wallace et al. v. St. Clair et al.,* 147 W. Va. 377, 400, 127 S. E. 2d 742, 757. To the same effect see *Greco v. Meadow River Coal & Land Co.,* 145 W. Va. 153, 164, 113 S. E. 2d 79, 86; *Stuart v. Lake Washington Realty Corp., et al.,* 141 W. Va. 627, 650, 92 S. E. 2d 891, 904; *Fisher v. West Va. Coal & Transportation Co.,* 137 W. Va. 613, 625, 73 S. E. 2d 633, 640; *Spradling v. Spradling,* 118 W. Va. 308, pt. 3 syl., 190 S. E. 537; *Bank of Sutton v. Skidmore,* 113 W. Va. 25, pt. 3 syl., 167 S. E. 144; *Toro v. Shilling,* 108 W. Va. 612, pt. 3 syl., 152 S. E. 6; *Norfolk & Western Railway Co. v. Perdue,* 40 W. Va. 442, 454, 21 S. E. 755, 759; 31 C. J. S., Estoppel, Section 71, page 428, and Section 74, page 445; 19 Am. Jur., Estoppel, Section 42, page 643. "The burden is on the asserter of an estoppel in pais, to prove his reliance on, and injury from, the representations or conduct of the one against whom the estoppel is claimed." *Brotherhood Investment Co. v. McArthur et al.,* 110 W. Va. 326, pt. 2 syl., 158 S. E. 175.

In support of the contention that John H. Broll was estopped to deny that George W. Hawse obtained title to the mineral rights by his purchase at the judicial sale, the appellants rely on the decision in *Marshall v. McDermitt,* 79 W. Va. 245, 90 S. E. 830. That case involved, at most, an unrecorded contract to purchase real estate, a mere equity, as distinguished from the legal title of John H. Broll to mineral rights under his deed of conveyance duly recorded. In the *Marshall* case, the purchaser at the judicial sale had neither actual nor constructive notice of the written contract. In the opinion in that case, the Court stated (79 W. Va. at page 249, 90 S. E. at page 832): "What may have been the equities of Marshall had he recorded his contract, * * * need not be considered, * * *. The claimant under a written contract may conserve his equities by recordation." We consider the *Marshall* case distinguishable from the present case for the additional reason

that the purchaser at the judicial sale in the *Marshall* case was obviously misled to the extent that he had neither actual nor constructive knowledge of the outstanding written contract; and he personally asserted his rights under the doctrine of estoppel. In the present case, on the contrary, the purchaser at the judicial sale had constructive notice, at least, of Broll's ownership of the mineral rights. There is no showing that he was misled and he did not assert any rights on the basis of the doctrine of estoppel. Estoppel, in these circumstances, cannot be asserted by his remote successors in title, the appellants.

We are of the opinion that John H. Broll was not divested of his ownership of mineral rights in the tract of 110 acres on the basis of estoppel; and that neither he nor his successors in title were divested of such rights by reason of any of the proceedings in the judgment creditors suit instituted against Nathaniel A. Combs in 1926, for the reason that it does not appear that they were parties to that suit.

For reasons stated in this opinion, the judgment of the Circuit Court of Hardy County is affirmed.

*Affirmed.*