NORTH AMERICAN ROYAL COAL CO.,

AND CHIEFTAIN COAL CO.

*v.*

MOUNTAINEER DEVELOPERS, INC.

(No. 13751)

Decided December 20, 1977.

*James M. Sprouse* for appellant.

*Jones, Williams, West & Jones, Jerald E. Jones* for appellees.

HARSHBARGER, JUSTICE:

Chieftain Coal Company operated a strip mine on Galloway Land Company property in Harrison County, West

Virginia and was obligated by its contract to obtain at its cost all bonds, insurance and strip mining permits; to backfill, regrade and recondition the mined premises; and to indemnify and save Galloway harmless "from all liability including its backfilling operations or its failure to do proper backfilling."

On March 2, 1971, Chieftain assigned the contract to Mountaineer Developers, Inc., by an agreement that contained these material provisions:

> That they [Mountaineer] will ... assume all of the obligations of Chieftain Coal Company ... [in the contract] and do further agree to indemnify and save harmless said Chieftain Coal Company from any and all claim or loss under said contract and agreement subsequent to the date of the agreement.

> It is further understood and agreed ... that Mountaineer Developers, Inc., under the supervision and control of Chieftain Coal Company, shall do all necessary backfilling upon the premises already mined under the terms of the contract and agreement hereby assigned.

Mining equipment was on the site, owned by North American Royal Coal Company and Chieftain. It was sold to Mountaineer by bill of sale also dated March 2, 1971, Mountaineer agreeing to pay off all indebtedness of North American and Chieftain secured by the equipment.

North American suffered $39,977.84 loss when Mountaineer failed to make the equipment payments. Chieftain's $3,000.00 bond with the state conditioned on reclamation of the site was forfeited when Mountaineer failed to do the work.

A Commissioner of the Harrison County Circuit Court who took the evidence, found that "Mountaineer was unable to mine any of the coal through no fault of its own ..." and recommended to the circuit court that the suit be dismissed. He based his decision on parol evidence by Mountaineer that there was a verbal agree-

ment contemporaneous with the assignment and bill of sale excusing payments until Mountaineer started to mine the coal; and that it could not mine because it could not get a mining permit from the state.

The circuit court disregarded the parol evidence and entered judgment for North American for $39,977.84 and for Chieftain for $3,000.00.

Statements of parties to a written agreement made before or at the time of its execution are not admissible to contradict, add to, detract from, vary or explain its terms, absent ambiguity, illegality, fraud, duress, mistake or insufficiency of consideration. *Kanawha Banking and Trust Company v. Gilbert*, 131 W. Va. 88, 46 S.E.2d 225 (1947); *Wilkinson v. Searls*, 155 W. Va. 475, 184 S.E.2d 735 (1971).

Mountaineer asserts that insufficiency of consideration for the assignment and bill of sale opens the contracts to parol evidence.

Our cases define consideration to be some right, interest, profit or benefit accruing to one party, or some forebearance, detriment, loss or responsibility given, suffered, or undertaken by another. *First National Bank of Gallipolis v. Marietta Manufacturing Co.*, 151 W. Va. 636, 640, 153 S.E.2d 172, 177 (1967). The elements are obvious in these instruments.

In addition, both the assignment and bill of sale state a one dollar consideration passing from Mountaineer to Chieftain and North American. *Farrar v. Young*, ____ W. Va. ____, 216 S.E.2d 575 (1975).

We agree with the able circuit court judge that none of the reasons for disregarding the parol evidence rule exist, and the written instruments prove the transaction. A deal is a deal.

*Affirmed.*