No. 14-1288 - <u>Richard Parsons v. Halliburton Energy Services, Inc.</u>

**FILED**

**April 11, 2016**

released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

LOUGHRY, Justice, concurring, in part, and dissenting, in part:

I concur in the majority's affirmance of the circuit court's order dismissing the action and compelling arbitration. I dissent to the extent the majority overrules our precedent to pave the path for a new point of law that is contrary, not only to the strong federal policy favoring arbitration, but also to the majority of jurisdictions that require proof of prejudice before a waiver of arbitration rights will be found.

Our common law demonstrates that general contract defenses, such as waiver, "may be applied to invalidate an arbitration agreement." Syl. Pt. 9, in part, *Brown ex rel. Brown v. Genesis Healthcare Corp.,* 228 W.Va. 646, 724 S.E.2d 250 (2011), *rev'd on other grounds by Marmet Health Care Ctr., Inc. v. Brown*, __ U.S. __, 132 S.Ct. 1201 (2012). A review of our law regarding waiver of contract rights reveals that more than thirty-five years ago, in *Mundy v. Arcuri*, 165 W.Va. 128, 267 S.E.2d 454 (1980), a case involving a conditional sales contract involving the purchase of real estate, the Court explained that

> in order to support estoppel or waiver, a party must have been induced to rely on certain facts, and must have done so to his detriment. *Nisbet v. Watson*, 251 S.E.2d 774 (W.Va. 1979), Syllabus Point 3; *Humble Oil & Refining Co. v. Lane*, 152 W.Va. 578, 165 S.E.2d 379 (1969); *Helmick v. Broll*, 150 W.Va. 285, 144 S.E.2d 779 (1965), Syllabus Point 2[.]

1

*Mundy*, 165 W.Va. at 131, 267 S.E.2d at 456-57. A few years later, this Court relied on *Mundy* when it ruled that "[d]etrimental reliance is essential to the assertion of waiver or estoppel." Syl. Pt. 3, *National Mut. Ins. Co. v. McMahon & Sons, Inc.*, 177 W.Va. 734, 356 S.E.2d 488 (1987). While the Court would later "disapprove" of this point of law in a footnote in *Potesta v. U.S. Fidelity & Guar. Co.*, 202 W.Va. 308, 316 n.11, 504 S.E.2d 135, 143 n.11 (1998), importantly, the Court did not expressly overrule syllabus point three of *National Mutual* through a new syllabus point in *Potesta*. In fact, as the majority accurately explains in its footnote six in the instant matter, "[t]his Court has consistently held . . . that 'language in a footnote generally should be considered obiter dicta' and that if this Court is to create a new point of law, it will do 'so in a syllabus point and not in a footnote.' *State ex rel. Med. Assurance of West Virginia, Inc. v. Recht*, 213 W.Va. 457, 471, 583 S.E.2d 80, 94 (2003)." *Valentine v. Sugar Rock, Inc.*, 234 W.Va. 526, 532, 766 S.E.2d 785, 791 (2014); *see also* Syl. Pt. 2, in part, *Walker v. Doe*, 210 W.Va. 490, 558 S.E.2d 290 (2001) ("[N]ew points of law . . . will be articulated through syllabus points as required by our state constitution."), *overruled on other grounds by State v. McKinley*, 234 W.Va. 143, 764 S.E.2d 303 (2014).

The Court in *Potesta* also cited, but did not overrule, syllabus point three of *Jarvis v. Pennsylvania Cas. Co.*, 129 W.Va. 291, 40 S.E.2d 308 (1946), which provides:

> The denial of liability under a policy of insurance on one
> or more grounds at a time when insurer has knowledge of other

2

> grounds of forfeiture, does not result in a waiver or estoppel as to such other grounds, where no prejudice results to the insured from reliance on the initial statement of the insurer.

*Potesta*, 202 W.Va. at 142, 504 S.E.2d at 315. Instead, the Court in *Potesta* undertook to distinguish the terms waiver and estoppel, setting forth a string cite of cases from other states as supportive of its conclusion that the differences between these two terms demonstrate why prejudice[1] must be demonstrated for estoppel but not for waiver. *Potesta,* 202 W.Va. at 144-45, 504 S.E.2d at 317-18. The majority relies upon *Potesta* in this regard to overrule our common law that required a showing of prejudice before the waiver of a contractual right would be found. However, the majority fails to recognize that the law in those same states listed in the *Potesta* string cite either require the party opposing arbitration to show prejudice before a court will find that the right to arbitrate has been waived, or at least consider prejudice to be an important factor in the waiver analysis.[2]

---

[1]"Prejudice" is defined as "[d]amage or detriment to one's legal rights or claims." Black's Law Dictionary 1370 (10th ed. 2014).

[2]*See County of Hawai'i v.UniDev, LLC*, 289 P.3d 1014 (Haw. Ct. App. 2012), *vacated, in part, on other grounds by County of Hawai'i v. UniDev,* LLC, 301 P.3d 588 (Haw. 2013) (finding no waiver of right to arbitration where plaintiff had not met its burden of showing prejudice had resulted from defendant's acts allegedly inconsistent with right to arbitrate); *Abramson v. Wildman*, 964 A.2d 703, 709 (Md. Ct. Spec. App. 2009) (internal citation omitted) ("'Delay in attempting to compel arbitration, by itself, may not be conclusive, although coupled with prejudice to the other party can support a finding of waiver.'"); *Carpenter v. Pomerantz*, 634 N.E.2d 587, 591 (Mass. Ct. App. 1994) (finding that "any delay by the defendant in exercising his right to demand arbitration has not been shown to be due to reasons which were inconsistent with that right" and "[b]ecause the defendant took no action inconsistent with his right to demand arbitration, the plaintiff cannot show any prejudice on account of such actions"); *Boogher v. Stifel, Nicolaus & Co., Inc.*, 825

(continued...)

3

As we previously explained,

> [a] state statute, rule, or common-law doctrine, which targets arbitration provisions for disfavored treatment and which is not usually applied to other types of contract provisions, stands as an obstacle to the accomplishment and execution of the purposes and objectives of the Federal Arbitration Act, 9 U.S.C. § 2, and is preempted.

Syl. Pt. 8, *Brown*, 228 W.Va. at 657, 724 S.E.2d at 261. I believe that, at best, *Potesta* created confusion in our common law.[3] Yet, instead of relying upon the common law

---

[2](...continued)
S.W.2d 27, 30 (Mo. Ct. App. 1992) (internal citation omitted) ("Any doubts about an allegation of waiver, delay, or a like defense to arbitrability should be resolved in favor of arbitration. . . . The party claiming waiver has a heavy burden, and a court will find waiver when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party."); *Cole v. Jersey City Med. Ctr.*, 572 A.3d 224, 233 (N.J. 2013) (finding that assessment of whether party to arbitration agreement has waived that remedy must focus on totality of circumstances, including whether party's litigation conduct resulted in prejudice to other party); *Cusimano v. Schnurr*, 144 N.E.3d 212, 218 (N.Y. 2015) ("Generally, when addressing waiver, courts should consider the amount of litigation that has occurred, the length of time between the start of the litigation and the arbitration request, and whether prejudice has been established"); *David v. Merrill Lynch, Pierce, Fenner and Smith, Inc.*, 440 N.W.2d 269, 274 (N.D. 1989)(internal citation omitted) ("Under the Federal policy favoring arbitration, a party does not automatically waive arbitration merely by engaging in pleading and discovery activities. More is required than action inconsistent with the arbitration provision; prejudice to the party opposing arbitration must also be shown.").

[3]A survey of our law reveals that a showing of detriment or prejudice has also been required or considered in various non-contractual situations before a waiver of some right will be found. *See West Virginia Bd. of Educ. v. Marple*, __ W.Va. __, __ S.E.2d __, 2015 WL 7101971 (2015) (emphasis added) (citations omitted) ("The defense of qualified immunity 'is not waived if the defendant "raised the issue at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond." . . . Rather, we look at the overall context of the litigation and have found *no waiver where no evidence of prejudice exists* and sufficient time to respond to the defense remains before trial.'"); *Lowndes Bank v. MLM Corp.*, 182 W.Va. 339, 349, 395 S.E.2d 762, 772 (1990) (emphasis added)
(continued...)

4

expressed in *National Mutual* and *Jarvis*,[4] the majority elects to rely upon dicta and a footnote in *Potesta* to overrule those cases and create new points of law that may serve to facilitate the waiver of arbitration rights in the future.

Under the majority's new syllabus point six, if a party engages in acts inconsistent with its contractual right to arbitration, a court will be able to find a waiver of the right to arbitrate notwithstanding the absence of any detriment or prejudice to the party opposing arbitration. Clearly, this new point of law runs afoul of the majority of other jurisdictions that either require a showing of prejudice, or at least consider it a significant factor in determining whether a party has waived the right to arbitrate.[5] The federal circuit

---

[3](...continued)
("[T]echnical defects in the service of process are *waived* unless the party improperly served can show *prejudice*."); *Johnson v. State Dept. of Motor Vehicles*, 173 W.Va. 565, 318 S.E.2d 616 (1984) (noting that motorist had waived argument that Commissioner unduly delayed proceeding by failing to object to continuances and finding lower court was without authority to reverse license suspension on basis of delay where motorist was not prejudiced by delay in proceedings); Syl. Pt. 1, *State ex rel. Heck's Discount Centers, Inc. v. Winters*, 147 W.Va. 861, 132 S.E.2d 374 (1963) (emphasis added) ("A mere question of misjoinder of parties or of causes of action in a proceeding in prohibition, no possible *prejudice* appearing therefrom, will be treated as *waived* in the absence of objection by any party to such proceeding.").

[4]*Cf. Earl T. Browder, Inc. v. Cnty. Ct. of Webster Cnty.*, 143 W.Va. 406, 412, 102 S.E.2d 425, 430 (1958) (addressing parties' contract that provided for arbitration as condition precedent to right of either party to sue; finding that by ignoring plaintiff's demand for arbitration, defendant had refused demand and waived its right to require arbitration; and concluding that such waiver could not be used to plaintiff's detriment).

[5]*See Aurora Healthcare, Inc. v. Ramsey*, 83 So.3d 495, 500 (Ala. 2011) (citations omitted) ("[T]he party opposing arbitration must demonstrate both (1) that the party seeking
(continued...)

5

courts of appeal are in agreement.  In fact, of the twelve regional circuit courts, ten require

⁵(...continued)
arbitration has substantially invoked the litigation process, bespeaking an intent to abandon arbitration in favor of the judicial process, and (2) that the party opposing arbitration would be 'substantially prejudiced' by an order requiring it to submit to arbitration. . . . Because there is a strong federal policy favoring arbitration, waiver of the right to compel arbitration is not lightly inferred, and the party seeking to prove waiver has a 'heavy burden.'"); *Augusta v. Keehn & Assoc.'s*, 123 Cal.Rptr.3d 595, 603 (Cal. Ct. App. 2011) (internal citations omitted) ("Despite the delay in seeking arbitration and lack of intent to arbitrate, the conduct of the party demanding arbitration must have prejudiced the opposing party. . . . 'The moving party's mere participation in litigation is not enough; the party who seeks to establish waiver must show that some prejudice has resulted from the other party's delay in seeking arbitration.'"); *MSO, LLC v. DeSimone*, 94 A.3d 1189, 1198 (Conn. 2014) ("Consistent with our prior case law, we hold that a party opposing arbitration on the ground of waiver must demonstrate that it will be prejudiced by enforcement of the arbitration clause. In so holding, we reaffirm the waiver standard that has developed through our common law. We further recognize that our prejudice requirement is consistent with the majority of federal circuit courts which similarly require prejudice to the party opposing arbitration on the grounds of waiver."); *Simpson v. Pep Boys-Manny Moe & Jack, Inc.,* 847 So.2d 617, 621 (La. Ct. App. 2003) ("The burden of proof to establish waiver of arbitration is heavy, and the party seeking to establish waiver must show that it has been prejudiced by the actions of the party requesting arbitration."); *Lovelace Farms, Inc. v. Marshall*, 442 S.W.3d 202, 207 (Mo. Ct. App. 2014) (citations omitted) ("Both Missouri and federal courts use the same three-factor test to establish waiver of the right to arbitrate. The party seeking to establish waiver bears the burden of demonstrating that the alleged waiving party: '(1) had knowledge of the existing right to arbitrate; (2) acted inconsistently with that existing right; and (3) prejudiced the party opposing arbitration by such inconsistent acts.'"); *Culberson v. REO Properties Corp.*, 670 S.E.2d 316, 320 (N.C. Ct. App. 2009) ("'[A] party has impliedly waived its contractual right to arbitration if by its delay or by actions it takes which are inconsistent with arbitration, another party to the contract is prejudiced by the order compelling arbitration.' *Prime South Homes v. Byrd*, 401 S.E.2d 822, 825 (N.C. Ct. App. 1991) (citation omitted)."); *Deloitte & Touche, LLP v. Unisys Corp.*, 594 S.E.2d 523, 525 (S.C. Ct. App. 2004) (explaining that to "[t]o establish that there has been a waiver, a party must show it has been unduly burdened by the other party's delay in seeking arbitration.").

a showing of prejudice before a waiver of the right to arbitrate will be found, while the other

two circuits consider prejudice to be a relevant factor for consideration.[6]

---

[6]*See FPE Found. v. Cohen*, 801 F.3d 25, 31 (1st Cir. 2015) (citation omitted) ("As we have consistently said, 'prejudice is essential for a [finding of] waiver'"); *Technology in Partnership, Inc. v. Rudin*, 538 Fed.App'x. 38, 39 (2nd Cir. 2013) (internal citations omitted) ("'The key to a waiver analysis is prejudice.'"); In re Pharmacy Ben. Managers Antitrust Litig., 700 F.3d 109, 117 (3rd Cir. 2012) (citation omitted) ("'[P]rejudice is the touchstone for determining whether the right to arbitrate has been waived by litigation conduct.'"); *Wheeling Hosp., Inc. v. Health Plan of the Upper Ohio Valley, Inc.*, 683 F.3d 577, 587 (4th Cir. 2012) (citation omitted) (emphasis in original) ("'[E]ven in cases where the party seeking arbitration has invoked the "litigation machinery" to some degree, "the dispositive question is whether the party objecting to arbitration has suffered *actual prejudice*.'"); *Al Rushaid v. Nat'l Oilwell Varco, Inc.*, 757 F.3d 416, 421 (5th Cir. 2014) (citations omitted) ("[A] party waives its right to arbitrate if it (1) 'substantially invokes the judicial process' and (2) thereby causes 'detriment or prejudice' to the other party."); *Art Shy v. Navistar Int'l Corp.*, 781 F.3d 820, 827-28 (6th Cir. 2015) (citation omitted) (finding that party will not be found to have waived arbitration unless it acts in manner inconsistent with arbitration agreement or delays asserting arbitration to actual prejudice of opposing party and emphasizing that "[b]oth inconsistency and actual prejudice are required"); *Cooper v. Asset Acceptance, LLC*, 532 Fed.App'x. 639, 641 (7th Cir. 2013) (citations omitted) (explaining that court focuses on several factors in determining whether right to arbitrate has been waived, including "the degree of prejudice that would be suffered by the party against whom arbitration has been invoked."); *Kelly v. Golden*, 352 F.3d 344, 349 (8th Cir. 2003) (explaining that party's acts inconsistent with right to arbitrate "must result in prejudice to the other party for waiver to have occurred"); *Samson v. NAMA Holdings, LLC*, 637 F.3d 915, 934 (9th Cir. 2010) (citation omitted) ("A party seeking to prove waiver of the right to arbitrate must show: '(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration from such inconsistent acts.'"); *In re Cox Enterprises, Inc.*, 790 F.3d 1112, 1116 (10th Cir. 2015) (citation omitted) (explaining that circuit had adopted a six-factor test to determine if the right to arbitrate has been waived, including "'(6) whether the delay affected, misled, or prejudiced the opposing party.'"); *Grigsby & Assoc's, Inc. v. M Securities Inc.*, __ Fed.App'x.__, 2015 WL 9461341 *2 (11th Cir. 2015) ("'A party has waived its right to arbitrate if, under the totality of the circumstances, the party has acted inconsistently with the arbitration right and, in so acting, has in some way prejudiced the other party.' *S&H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir.1990)."); *Khan v. Parsons Global Servs., Ltd.*, 521 F.3d 421, 428 (D.C. Cir. 2008) (noting that finding of

(continued...)

In support of its decision to overrule *National Mutual* and *Jarvis*–to the extent each required proof of prejudice or detrimental reliance to establish a waiver of contractual rights–the majority distinguishes waiver and estoppel. However, the cases relied upon by the majority in support of its analysis, including a 1944 Delaware decision,[7] a 1979 Illinois decision,[8] a 1915 Oklahoma decision,[9] and a 1912 Texas decision,[10] are all equally unavailing in terms of a waiver of arbitration rights. Indeed, more recent jurisprudence in those same states requires that prejudice be shown before a waiver of arbitration rights will be found. *See LAS, Inc. v. Mini-Tankers, USA, Inc.,* 796 N.E.2d 633, 638 (Ill. App. Ct. 2003) (" A waiver of the right to arbitrate may not be found in the absence of prejudice to the party opposing arbitration."); *Action Drug Co. v. R. Baylin Co.*, No. 9383, 1989 WL 69394, *5 (Del. Ch. June 19, 1989) (citation omitted) (explaining that "a party will be found to have waived its right to arbitration where it has substantially invoked the judicial process to the detriment of the other party" and concluding that Baylin had "not satisfied its heavy burden

---

[6](...continued)
prejudice unnecessary to conclude that right to compel arbitration has been waived but then basing determination of waiver by primarily considering whether defendant had invited court to consider merits of plaintiff's claims and whether plaintiff had suffered prejudice as result of defendant's actions).

[7]*Nation Miller, Inc. v. N. Ins. Co. of New York*, 39 A.2d 23 (Del. Super. 1944).

[8]*Salloum Foods & Liquor, Inc. V. Parliament Ins. Co.*, 388 N.E.2d 23 (Ill. App. Ct. 1979).

[9]*Northwestern Nat. Life Ins. Co. v. Ward*, 155 P. 524 (Okla. 1915).

[10]*Equitable Life Assur. Soc'y of U.S. v. Ellis*, 147 S.W. 1152 (Tex. 1912).

8

of establishing that it was prejudiced by Action's allegedly tardy effort to compel arbitration."); *Northland Ins. Co. v. Kellogg*, 897 P.2d 1161, 1162 (Okla. Civ. App. 1995) (internal citations omitted) ("While no uniform test has been formulated for the determination of waiver, there is a six-factor test that essentially encompasses the various tests adopted in most jurisdictions. Those factors are . . . (6) whether the opposing party has been prejudiced by the delay. The prejudice must be the result of delay in asserting the right to arbitrate—not from prejudice or acts inherent in the arbitration process."); *Hogg v. Lynch, Chappell & Alsup, P.C.*, __ S.W.3d __, 2015 WL 6951153, \*\*9, 17 (Tex. App. 2015) (explaining that "[i]n order to establish that a party has waived its right to arbitration, we must conclude not only that the party has substantially invoked the judicial process, but also that the party opposing arbitration has been prejudiced by the moving party's delay in moving to compel arbitration.").

Given the strong federal policy favoring arbitration, I would reaffirm our existing common law in *National Mutual* and *Jarvis* that required a showing of detriment or prejudice before the waiver of a contract right could be found.[11] Certainly, there are sound

---

[11]Even states whose common law does not require a showing of prejudice to find a waiver of contractual rights have determined that prejudice is required for a waiver of arbitration rights. For example, in *Perry Homes v. Cull*, 258 S.W.3d 580, (Tex. 2008), the defendants asked the court to reconsider it prior decisions that found "prejudice [to be] a necessary requirement of waiver by litigation conduct." *Id.* at 593-94. The defendants argued that because Texas law "does not require a showing of prejudice for waiver, but only an intentional relinquishment of a known right[,]" the court could not "impose a waiver rule

(continued...)

reasons for requiring a party to show prejudice or detriment before a court will find a waiver of the right to arbitrate. As one court explained, ""there is an overriding federal policy favoring arbitration[,]"" which is a "speedy and relatively inexpensive means of dispute resolution[;]" therefore, waiver of the right to arbitrate requires prejudice, which "typically is found only where the petitioning party's conduct has substantially undermined this important public policy or substantially impaired the other side's ability to take advantage of the benefits and efficiencies of arbitration.'" *Adolph v. Coastal Auto Sales, Inc.*, 110 Cal.Rptr.3d 104, 110 (Cal. App. Ct. 2010) (citations omitted); *see also Carteret Cty. v. United Contractors of Kinston, Inc.*, 462 S.E.2d 816, 821 (N.C. Ct. App. 1995) (noting strong public policy favoring arbitration and observing that "[b]efore a party will be found to have

---

[11](...continued)
for arbitration contracts that does not apply to all others." *Id.* at 594. In addressing this argument, the Supreme Court of Texas explained:

> Under Texas law, waiver may not include a prejudice requirement, but estoppel does. In cases of waiver by litigation conduct, the precise question is not so much when waiver occurs as when a party can no longer take it back. As noted above, Texas estoppel law does not allow a party to withdraw a representation once the other party takes "action or forbearance of a definite and substantial character." Using precisely the same terms, the Restatement does not allow a party to withdraw an option contract when the offeree has taken substantial action based upon it. In these contexts, prejudice is an element of the normal contract rules.
>
> Thus, we agree with the courts below that waiver of arbitration requires a showing of prejudice.

*Id.* at 595 (footnotes and internal citations omitted).

impliedly waived a contractual right to arbitration, that party must have, by its delay or actions inconsistent with arbitration, caused another party to be prejudiced by an order compelling arbitration."); *Board of Educ. Taos Mun. Schools v. The Architects, Taos*, 709 P.2d 184, 185 (N.M. 1985) (stating that three principles guide court's consideration of whether right to arbitrate has been waived and observing that second principle that "relief will only be granted upon a showing of prejudice to the party opposing arbitration" flows from first principle of "strong policy preference for arbitration as a more efficient mode of resolving disputes than litigation").

Recently, I cautioned the majority of this Court in another arbitration matter with a reminder that

> [t]his Court has been notoriously chastised by the United States Supreme Court for its failure to . . . ensure that [] [arbitration] agreements are not "singled out" for hostile treatment or disfavor. *See Marmet Health Care Center v. Brown*, __ U.S. __, 132 S.Ct. 1201, 182 L.Ed.2d 42 (2012). The majority's opinion does little to convey that the United States Supreme Court's message was received[.]

*Schumacher Homes of Circleville, Inc. v. Spencer*, 235 W.Va. 335, 353, 774 S.E.2d 1, 19 (2015) (Loughry, J., dissenting).[12]  Because I believe that our common law would have

---

[12]The majority opinion in *Schumacher* was recently vacated by the United States Supreme Court in *Schumacher Homes of Circleville, Inc. v. Spencer*, __ U.S. __, __ S.Ct. __, 2016 WL 763198 (2016).  The Supreme Court has remanded *Schumacher* for our further consideration in light of *DIRECTV, Inc. v. Imburgia*, 577 U.S.__ (2015), which we will undertake later this term of court.

11

allowed this Court to align itself with the majority of other jurisdictions on this issue, I cannot support the majority's new points of law to the extent that they expressly reject requiring a party asserting a waiver of arbitration to demonstrate prejudice. As this Court held long ago, "[t]he law favors arbitrations and every reasonable intendment will be indulged in support of them[.]" Syl. Pt. 1, in part, *Mutual Imp. Co. v. Merchants' & Business Men's Mut. Fire Ins. Co.*, 112 W.Va. 291, 164 S.E. 256 (1932).

For these reasons, I respectfully concur, in part, and dissent, in part.